# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

CAJUN INDUSTRIES, LLC
401(K) PLAN

VERSUS

ROBERT H. KIDDER, ET AL

CIVIL ACTION

NO. 09-267-BAJ-SCR

CONSOLIDATED WITH:

10-099-BAJ-SCR

## RULINGS

This matter is before the Court is a motion by Cajun Industries, LLC, ("Cajun Industries") for attorneys' fees and judgment on the pleadings with regard to the claims asserted against it by plaintiffs, Robert H. Kidder, Deborah K. Slagle Bridges, and Gwendolyn K. Desselle ("plaintiffs"), in Civil Action No. 10-099-BAJ-SCR (doc. 23). The motion is opposed (doc. 26) and Cajun Industries has replied to the opposition (doc. 30). The Court heard oral argument on the motions on February 17, 2011. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1367.

## BACKGROUND

The facts giving rise to the present litigation are undisputed. The decedent, Leonard Kidder, a former employee of Cajun Industries, was a participant in the Cajun Industries, LLC, 401(k) retirement plan. Mr. Kidder initially named his wife, Betty J. Kidder, as the sole beneficiary of the plan benefits, but, after her death, he changed the designation to name his three children, Robert H. Kidder, Deborah K.

Slagle, and Gwendolyn K. Desselle, as beneficiaries.

Mr. Kidder, however, subsequently married Beth Bennett and passed away approximately six weeks later. A dispute arose between Mrs. Bennett Kidder, as Mr. Kidder's surviving spouse, and the plaintiffs, as Mr. Kidder's named beneficiaries, over the 401(k) plan benefits. Therefore, on May 5, 2011, Cajun Industries, LLC, 401(k) Plan initiated an interpleader action to determine the proper beneficiary or beneficiaries of the plan benefits. Cajun Industries 401(k) Plan deposited the funds from the 401(k) account into the registry of the Court, and, on January 4, 2010, was dismissed from the interpleader action upon a joint stipulation of dismissal by plaintiffs and Beth Bennett Kidder (doc. 21). On 4/26/11, the Court granted a motion by Beth Bennet Kidder for summary judgment in the interpleader action.

Prior to that ruling, however, plaintiffs filed a petition in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, naming Cajun Industries and Faulk and Winkler, L.L.C. ("Faulk & Winkler"), as defendants. The petition alleges that Cajun Industries hired Faulk & Winkler to act on behalf of Cajun Industries and its employees. Faulk & Winkler provided information, documents, and a prototype for the 401(k) plan, including a plan summary, forms and other documents for Cajun Industries and its employees to use in making informed decisions regarding the 401(k) plan. Plaintiffs assert, however, that nothing in the designation of beneficiary form– which was provided by Faulk & Winkler through

2

Cajun Industries, and which their father used to designate them as beneficiaries in 2004– stated how a subsequent marriage might affect their father's designation of benefits. The petition alleges that Faulk & Winkler through Cajun Industries, continued to provide information and documents to participants in the 401(k) plan in the years following the execution of the designation document, but failed to inform Leonard Kidder how a subsequent marriage might affect his designation of beneficiaries. (Complaint, ¶¶ 5-6, 10-14)

Plaintiffs argue that defendants' breach of the duty to provide accurate and thorough information concerning the plan prevented plaintiffs' from receiving the funds in their father's 401(k) plan as their father intended. Plaintiffs assert that they are, therefore, entitled to recover damages from defendants in an amount equal to the funds on deposit in their father's 401(k) plan. The petition also prays for general damages for mental pain and suffering sustained as a result of the actions and omissions of the defendants. (*Id.*, at ¶¶ 15-21).

The state court action was removed on February 8, 2010, upon Cajun Industries' allegation that the cause of action is "federal in nature" (notice of removal, ¶ 10). Upon another motion by Cajun Industries, the removed action was consolidated with the interpleader action on March 9, 2010.

## LAW AND DISCUSSION

**Motion for Judgment on the Pleadings**

"A motion under Rule 12(c) for judgment on the pleadings is subject to the same standards as a motion to dismiss under Rule 12(b)(6)." *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209 (5th Cir. 2010). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting, *Ashcroft v. Iqbal*, - - - U.S. - - - -, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Id.* (quoting, *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d (2007). "In deciding whether the complaint states a valid claim for relief, [courts] accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* (citing *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). The Court, however, does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (quoting, *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007)).

In support of its motion for judgment on the pleadings and for attorneys' fees, Cajun Industries argues that ERISA preempts the state law claims asserted in the petition. Cajun Industries also notes that Cajun Industries, L.L.C 401(k) Plan was dismissed from the interpleader action by the claimants, and Cajun Industries

4

argues that the present action is an "impermissible effort to end-run the interpleader remedy." (doc. 23-1, p. 17). The petition, however, does not allege that the plaintiffs are the proper, legal beneficiaries of the 401(k) plan or assert a claim for the funds deposited into the registry of the Court in the interpleader action. Moreover, the petition names Cajun Industries, not the 401(k) plan as a defendant. Noting this, counsel for plaintiffs stated at the hearing on the motion that he was careful to name Cajun Industries, L.L.C., instead of the 401(k) plan as a defendant because plaintiffs do not seek to assert claims pursuant to ERISA.

Plaintiffs argue that the petition does not assert a breach of fiduciary duty against Cajun Industries under ERISA because it alleges that Cajun Industries hired Faulk & Winkler to act as author of the plan summary and other plan documents. Plaintiffs further allege that Faulk & Winkler committed malpractice by performing its contractual obligations with Cajun Industries in a negligent manner. Thus, they argue, the petition asserts a malpractice and/or negligent misrepresentation claim against Faulk & Winkler and asserts that Cajun Industries is liable, *in solido*, or as a joint tortfeasor, with Faulk & Winkler, L.L.C.

Plaintiffs further argue that Louisiana law requires them to join Cajun Industries in the state court action because a failure to join all indispensable parties would render adjudication of such an issue an absolute nullity under Article 641 of

5

the Louisiana Code of Civil Procedure.[1] At the hearing on the motion, counsel for plaintiffs also argued that Cajun Industries' human resources department had an obligation, along with Faulk & Winkler, to advise participants on the effect that marriage might have upon the participant's designation of beneficiaries. Plaintiffs further argue that nothing in ERISA preempts their state law claims against Faulk & Winkler and Cajun Industries for malpractice and/or negligent misrepresentation.

The record, however, demonstrates that Faulk & Winkler was dismissed from the present action on March 9, 2010 upon a motion by the plaintiffs. Therefore, Cajun Industries is not presently joined simply as an indispensable party in a state law malpractice action against Faulk & Winkler. To the contrary, the only claims presently before the Court are asserted against the plan participant's employer, Cajun Industries.[2]

---

[1] Article 641 is captioned "Joinder of parties needed for just adjudication" and provides:

> A person shall be joined as a party in the action when either:
> (1) In his absence complete relief cannot be accorded among those already parties.
> (2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:
>   (a) As a practical matter, impair or impede his ability to protect that interest.
>   (b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

[2] The Court notes that Faulk & Winkler were dismissed prior to plaintiffs' submission of the memorandum in opposition to the motion. Thus, it is unclear to the Court why counsel for plaintiffs portrays Cajun Industries as an indispensable party in an action against Faulk & Winkler.

Though plaintiffs cite several cases in which courts have found that ERISA does not preempt state law professional negligence or malpractice claims against accountants such as Faulk & Winkler,[3] the cited cases fail to support plaintiffs' argument that ERISA does not preempt claims asserted against an employer for allegedly breaching its "duty to provide its employees with accurate and thorough information concerning all aspects of [its 401(k)] plan."[4] To the contrary, at least four of the cases cited by plaintiffs indicate that ERISA preempts such claims. See, *Dudley Supermarket, Inc. V. Transamerica Life Ins. and Annuity Co.*, 302 F.3d 1, 4 (1st Cir. 2002) (finding claims pre-empted because "the gravamen of the complaint is that [defendant] breached its fiduciary duty under ERISA to provide competent investment advice and services rather than, as appellants argue, that [defendants] merely violated 'run-of-the-mill' state laws that are largely tangential to and not preempted by ERISA"); *Arizona State Carpenters Pension Trust Fund v. Citibank (Arizona)*, 125 F.3d. 715, 724 (9th Cir. 1997) (stating that "[t]he key to distinguishing between what ERISA preempts and what it does not lies, we believe, in recognizing that the statute comprehensively regulates certain *relationships*: for instance, the relationship between plan and plan member, between plan and employer, *between employer and employee (to the extent an employee benefit plan is involved)*, and

---

[3]See, e.g., *Gerosa v. Savasta & Co., Inc.*, 329 F.3d 317 (2nd Cir. 2003) (stating that the Second Circuit Court "join[s] a chorus of the Courts of Appeals in ruling that ERISA does not preempt 'run-of-the-mill' state-law professional negligence claims against non-fiduciaries").

[4]Quoting complaint, ¶19.

7

between plan and trustee"(emphasis added)); *Airparts Co., Inc. V. Custom Ben. Services of Austin, Inc.*, 28 F.3d 1062, 1064 (10th Cir. 1994) (stating that, "[u]ltimately, *if there is no effect on the relations among the principal ERISA entities-* the employer, the plan, the plan fiduciaries, and the beneficiaries- there is no preemption (emphasis added)); *In re Enron Corp. Securities, Derivative & ERISA Litigation*, 284 F.Supp.2d 511, 627 (S.D.Tex., 2003) (noting that the Fifth Circuit has stated that "to determine whether there is preemption, a court must consider whether 'the underlying conduct' that forms the basis of the claim could 'be divorced from its connection to the employee benefit plan.'" (internal citations omitted)).

In the present case, plaintiffs claim that the beneficiary of the plan changed because the employer failed to properly inform its employee, a plan participant, of pertinent provisions of the plan. Thus, the alleged conduct cannot be divorced from its connection to the plan. Moreover, the claims arise directly from the relationships of principal ERISA entities: plan, plan member, employer, and employee; and the gravamen of the petition is that Cajun breached a fiduciary duty under ERISA to provide competent plan-management advice and services. The Court also notes that preemption may be indicated where– as in the present case– the plaintiffs pray for damages in "an amount equal to the funds on deposit in Leonard Kidder's 401(k) Plan."[5] See, *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1217-18 (5th Cir.

---

[5]Quoting complaint, ¶ 21.

1992) (stating that "[t]his circuit has held that the fact that a claim sought damages measured by pension benefits sufficed as the requisite 'connection' to an employee benefit plan for preemption purposes").

For all of the above reasons, the Court finds that ERISA preempts plaintiffs' state law claims. Having so concluded, the Court next considers whether the claims should be construed as claims asserted pursuant to ERISA. See, e.g., *Martinez v. Schlumberger, Ltd.*, 338 F.3d 407 (5th Cir. 2003) (construing preempted state law claims as claims for breach of fiduciary duty under ERISA). As noted *supra*, however, plaintiffs' counsel stated at the hearing on the motion that he crafted the petition to avoid assertion of claims under ERISA. Plaintiffs also state in the memorandum in opposition to the motion to dismiss that Cajun Industries' "liability is unrelated to its duties under ERISA and only results from its contractual relationship with Faulk & Winkler, L.L.C." (doc. 26, p.4). In light of plaintiffs' admission, the Court need not consider whether the petition states a claim to relief under ERISA that is plausible on its face.

The Court, having found that plaintiffs assert no claims in this matter under ERISA and having found that plaintiffs' state law claims are preempted by ERISA, concludes that judgment on the pleadings is proper.

**Motion for Costs and Fees**

Cajun Industries argues that the Court should award its costs and fees pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g), which provides, in

pertinent part, that "[i]n any action under this subchapter by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Having already concluded that plaintiffs have asserted no claim under ERISA, however, the Court finds that defendant has failed establish necessary ground for an award of costs and fees pursuant to 29 U.S.C. §1132(g).

## CONCLUSION

For all of the foregoing reasons, the motion by defendant, Cajun Industries, L.L.C., for judgment on the pleadings and for costs and attorneys fees (doc. 23) is **GRANTED** only insofar as the defendant seeks judgment on the pleadings, and is **DENIED** otherwise.

Baton Rouge, Louisiana, April 26, 2011.

```
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA
```