UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CAJUN INDUSTRIES, LLC
401(K) PLAN

VERSUS

ROBERT H. KIDDER, ET AL

CIVIL ACTION

NO. 09-267-BAJ-SCR

CONSOLIDATED WITH:

10-CV-099-BAJ-SCR

## RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a motion by defendant, Beth W. Bennett Kidder, for summary judgment in the interpleader action, No. 09-267-BAJ-SCR (doc. 14). The motion is opposed by defendants, Robert H. Kidder, Deborah K. Slagle Bridges, and Gwendolyn K. Desselle (doc. 20). The Court heard oral argument on the motion on February 17, 2011. Jurisdiction is based on 28 U.S.C. § 1331.

## BACKGROUND

The facts out of which the present litigation arises are undisputed. The decedent, Leonard Kidder, a former employee of Cajun Industries, LLC, was a participant in the Cajun Industries, LLC, 401(k) retirement plan. Mr. Kidder initially named his wife, Betty J. Kidder, as the sole beneficiary of the plan benefits, but, after her death, he changed the designation to name his three children, Robert H.

Kidder, Deborah K. Slagle, and Gwendolyn K. Dessele ("Kidder children"), as beneficiaries.

Mr. Kidder, however, subsequently married Beth Bennet and passed away approximately six weeks later. A dispute arose between Mrs. Bennet Kidder, as Mr. Kidder's surviving spouse, and the Kidder children, as Mr. Kidder's named beneficiaries, over the 401(k) plan benefits. Therefore, on May 5, 2011, Cajun Industries, LLC, 401(k) Plan initiated the present interpleader action to determine the proper beneficiary or beneficiaries of the plan benefits. Cajun Industries 401(k) Plan deposited the funds from the 401(k) account into the registry of the Court, and, on January 4, 2010, was dismissed from the interpleader action upon a joint stipulation of dismissal by the Kidder children and Beth Bennett Kidder (doc. 21).

In support of her motion for summary judgment in the interpleader action and in compliance with Local Rule 56.1, Beth W. Bennett Kidder, has submitted a statement of facts which she claims are material to the motion for summary judgment.[1] The following facts, submitted pursuant to Local Rule 56.1, have not been controverted as provided by Local Rule 56.2 and are, therefore, deemed admitted for purposes of the present motion for summary judgment[2]:

---

[1] Local Rule 56.1 provides that "[e]very motion for summary judgment shall be accompanied by a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried."

[2] Local Rule 56.2 provides:
> Each copy of the papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which there exists a genuine issue to be tried. All material facts set forth in the statement required to be

2

1. Leonard Kidder ("Kidder") was employed by Cajun Industries, LLC.

2. Kidder was a participant in the Cajun Industries, LLC 401(k) Retirement Plan ("Plan").

3. Kidder died on or about January 19, 2009.

4. At the time of Kidder's death, he was married to Beth Bennett Kidder ("Beth").

5. Article 6.13 of the Plan provides in pertinent part, that:
   > Notwithstanding anything in Section 6.2 and 6.6 to the contrary, upon the death of a Participant, the automatic form of distribution will be a lump-sum, rather than a Qualified Pre-Retirement Survivor Annuity. Furthermore, the participant's spouse will be the Beneficiary of the Participant's entire Vested Interest in the Plan unless an election is made to waive the spouse as a beneficiary.

6. A waiver of Beth as Kidder's beneficiary under the Plan was never executed.

7. Kidder's three children from a prior marriage, Robert H. Kidder ("Robert"), Deborah K. Slagle ("Deborah"), and Gwendolyn K. Desselle ("Gwendolyn") sought Kidder's benefits and the distribution of those benefits subsequent to his death.

8. The Plan denied Robert's, Deborah's, and Gwendolyn's request for Kidder's benefits.

9. Robert, Deborah, and Gwendolyn pursued the administrative appeal process, and the Plan affirmed the Plan Administrator's

---

served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule.

decision denying the distribution of Kidder's plan benefits to Robert, Deborah, and Gwendolyn.

(Doc. 14-1).

## LAW AND DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in the non-movant's favor. *Coleman v. Houston Independent School District*, 113, F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986). The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. V. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

As is noted *supra,* the material facts are undisputed. It is undisputed that the 401(k) plan is subject to, and governed by, the Employee Retirement Income

4

Security Act ("ERISA"). It is undisputed that Article 6.13 of the 401(k) plan provides that "the participant's spouse will be the Beneficiary of the Participant's entire Vested Interest in the Plan unless an election is made to waive the spouse as a beneficiary."[3] It is undisputed that, "[a]t the time of Kidder's death, he was married to Beth Bennett Kidder."[4] It is also undisputed that "[a] waiver of Beth as Kidder's beneficiary under the Plan was never executed."[5] Moreover, the 401(k) plan administrator denied the requests by the Kidder children for benefits, and that decision was affirmed through the administrative appeal process.[6] Thus, the matters before the Court are issues of law, not disputes of fact.

The Kidder children note that Mr. Kidder designated his children as beneficiaries, and they urge the Court to define the term "spouse," as used in Article 6 of the plan, as a spouse who "has been married for one or more years" (doc. 20, p. 4). In doing so, they note that ERISA does not require the consent of a spouse married less than one year in order for a living participant to distribute proceeds of a plan to a non-spouse. They argue that it is, therefore, inconsistent to require the consent of a spouse married less than one year in order for the proceeds of a plan to be distributed to a non-spouse upon the death of the participant. They also

---

[3] See Undisputed Facts, ¶ 5.

[4] Id., at ¶ 4.

[5] Id., at, ¶ 6.

[6] Id., at ¶¶ 8, 9.

argue that such an interpretation of the term "spouse" is consistent with pertinent provisions of ERISA.

The Fifth Circuit has provided the following guidance for courts in reviewing a plan administrator's decision to deny benefits under a retirement plan governed by ERISA:

> First, a court must determine the legally correct interpretation of the plan. If the administrator did not give the plan the legally correct interpretation, the court must then determine whether the administrator's decision was an abuse of discretion . . . . In answering the first question, i.e., whether the administrator's interpretation of the plan was legally correct, a court must consider:
> (1) whether the administrator has given the plan a uniform construction,
> (2) whether the interpretation is consistent with a fair reading of the plan, and
> (3) any unanticipated costs resulting from different interpretations of the plan.
> If a court concludes that the administrator's interpretation is incorrect the court must then determine whether the administrator abused his discretion. Three factors are important in this analysis:
> (1) the internal consistency of the plan under the administrator's interpretation,
> (2) any relevant regulations formulated by the appropriate administrative agencies, and
> (3) the factual background of the determination and any inferences of good faith.
> Only if the court determines that the administrator did not give the plan the legally incorrect interpretation, must the court then determine whether the administrator's decision was an abuse of discretion.

*Threadgill v. Prudential Securities Group, Inc.*, 145 F.3d 286, 292-293 (5th Cir. 1998) (quoting, *Wildbur v. ARCO Chemical Co.*, 974, F.2d 631 (5th Cir. 1992) (internal citations omitted).

In determining whether the administrator gave the plan the legally correct interpretation, "the most important factor in [the] three-part analysis is whether the administrator's interpretation was consistent with a fair reading of the plan." *Stone v. UNOCAL Termination Allowance Plan*, 570 F.3d 252, 258 (5th Cir. 2009); see also, *Threadgill,* 145 F.3d at 292 (stating that "[e]ligibility for benefits under any ERISA plan is governed in the first instance by the plain meaning of the plan language").

Upon application of the above principles, the Court first notes that the language of Article 6.13 of the plan is clear and unambiguous and provides that, upon the death of the participant, "the participant's spouse will be the Beneficiary of the Participant's entire Vested Interest in the Plan unless an election is made to waive the spouse as a beneficiary." Thus the Court finds that the administrator's interpretation, finding that the surviving spouse is entitled to the benefits in the absence of a spousal waiver, is consistent with a fair reading of the plan.

The administrator's interpretation of the plan is also consistent with the controlling law in that ERISA specifically provides, in pertinent part, that:

> a plan *may* provide that a qualified joint and survivor annuity (or a qualified preretirement survivor annuity) will not be provided unless the participant and spouse had

7

> been married throughout the 1-year period ending on the earlier of - -
> 	(A) the participant's annuity starting date, or
> 	(B) the date of the participant's death."

29 U.S.C.A. § 1055(f)(1) (emphasis added).

Because the statute uses the word "may" instead of "shall," Section 1055(f) is permissive rather than mandatory. See, e.g., *In re CPDC, Inc.*, 337 F.3d 436, 445 (5th Cir. 2003) (stating that "[i]t is well-settled that 'may' is a permissive term"). Thus, ERISA specifically contemplates that some plans may vest rights in spouses of participants immediately upon marriage. For the Court to conclude that a uniform construction would require the term "spouse" to be defined as a spouse married over a year, the Court would have to ignore the use of the word "may" in the statute and read Section 1055(f)(1) as mandatory instead of permissive.[7] Accordingly the Court finds no merit in the argument that a uniform construction of the plan requires the term "spouse" as used in Article 6.13, to be defined as a spouse married for at least a year.

---

[7]Though the Kidder children cite *Arkansas Chapter NECA-IBEW Retirement Fund v. Chronister*, 337 F. Supp.2d 1144 (E.D. Ark. 2004), in support of their argument that the present plan should be interpreted to require no spousal consent where the spouse has been married for less than a year, the Court notes that the plan in *Chronister* included a specific provision pursuant to 29 U.S.C.A. §1055(f) which is absent in the plan at issue. Section 4.3.4(e) of the plan in *Chronister* provided, in pertinent part, "If the Participant and his spouse have not been married for at least one (1) year, by reason of the Participant's death or divorce, the spouse is not entitled to any survivor benefits unless requested by the Participant or required by a Qualified Domestic Relations Order." *Chronister*, 337 F.Supp.2d at 1146.

8

The Court notes no evidence in the record that bears on the third prong of the analysis, but finds, for the reasons stated above, that the first two prongs of the analysis weigh decidedly in favor of a finding that the administrator's interpretation of the plan is legally correct. Although the disappointment of the Kenner children in the distribution of the proceeds is understandable, they have not met their burden of demonstrating that the administrator, in denying them benefits, failed to give the plan a legally correct interpretation. Therefore summary judgment shall issue in favor of the surviving spouse, Beth Bennet Kidder.

## CONCLUSION

For all of the foregoing reasons, the motion by defendant, Beth W. Bennett Kidder, for summary judgment in the interpleader action is hereby **GRANTED**, and **IT IS ORDERED** that counsel for Beth W. Bennett Kidder submit, within ten days of the issuance of this ruling, a proposed form of judgment.

Baton Rouge, Louisiana, April 26, 2011.

BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA